**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice* to be filed)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, SBN 236165
Beko Reblitz-Richardson, SBN 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (*pro hac vice* to be filed)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel: (305) 539-8400
jlee@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Alison L. Anderson, SBN 275334
Samantha Parrish, SBN 318681
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com

Michael Mitchell (*pro hac vice* to be filed)
1401 New York Ave, NW
Washington, DC 20005
Tel: 202 237 2727
mmitchell@bsfllp.com

*Attorneys for Plaintiffs Mary Jane Whalen, Monica Meiloaica, and Chasom Brown, individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JANE WHALEN, MONICA MEILOAICA, and CHASOM BROWN, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>v.<br><br>EPIQ SYSTEMS, INC., ANGEION GROUP LLC, JND LEGAL ADMINISTRATION, HUNTINGTON NATIONAL BANK, WESTERN ALLIANCE BANK, and DOES 1-20,<br><br>               Defendants. | Case No.: 3:25-cv-04522<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |

1

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11**

Pursuant to Rule 3-12 and Rule 7-11 of the Civil Local Rules, Mary Jane Whalen, Monica Meiloaica and Chasom Brown ("Plaintiffs"), individually and as representatives of classes of similarly situated persons, move the Court to consider whether a case should be related to this matter, as follows. Defendant Epiq Systems, Inc. consents to the relief requested by this motion.[1]

**TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE**

Plaintiffs are parties in *Whalen et al v. Epiq Systems, Inc. et al*, Case No. 3:25-cv-04522 ("*Whalen* Action"), the first-filed action.

Plaintiffs move the Court to consider whether *Rieger v. Epiq Systems, Inc. et al*, Case No. 3:25-cv-04793 ("*Rieger* Action"), the later-filed action, should be related to the *Whalen* action and assigned to this Court. Attached as Exhibit A is a copy of the complaint filed in the *Rieger* Action.

**BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS**

Civil Local Rule 3-12(a) provides that actions are related when: (1) they concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if these cases are conducted before different judges in this District.

The *Rieger* Action is related to the *Whalen* Action because: (a) both actions assert the same claims against substantially the same defendants; (b) both actions arise from the same underlying event, i.e., Defendants' unlawful scheme to reap hundreds of millions of dollars in undisclosed kickbacks and compensation through class administration services, depressing payouts for members of those class actions; and (c) if the Actions proceed independently of each other, it will result in unduly burdensome and duplicative motions and discovery because the

---

[1] All remaining Defendants either have not been served or did not respond to Plaintiffs' request for their position.

2

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11 2
CASE NO. 3:25-cv-04522

complaints raise substantially the same questions of fact and law.

Plaintiffs filed the *Whalen* Action in this District on May 28, 2025, against defendants Epiq Systems, Inc., Angeion Group LLC, JND Legal Administration, Huntington National Bank, and Western Alliance Bank.

The *Rieger* Action was later filed in this District on June 5, 2025, against the same defendants in the *Whalen* Action and one additional defendant, Kroll Settlement Administration LLC.

With near-identical language, both Actions assert the same nine claims: (1) Breach of Fiduciary Duty; (2) Fraud; (3) Sherman Act, Section 1; (4) Sherman Act, Section 1; (5) RICO; (6) RICO Conspiracy; (7) Breach of Implied Contract; (8) Unjust Enrichment/Quantum Meruit; and (9) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq*.

Each of these claims are predicated on the same underlying event—the defendants' covert, anticompetitive agreements to divert settlement deposits in exchange for secret kickbacks that amounted to hundreds of millions of dollars. The Actions assert that this arrangement was made despite the claims administrator defendants' knowledge that the bank defendants pay a lower rate of interest on settlement deposits compared to other similarly situated banks that do not pay kickbacks, thereby depressing the ultimate payout for class members in the class actions. Both Actions assert the same or substantially identical factual allegations against the defendants and seek near identical relief including an order certifying a class action, injunctive and equitable relief, damages, interest, and attorneys' fees and costs.

Given the substantially similarity between the parties, claims, and factual allegations, not only is there a high risk of directly conflicting results, but also there is a high risk of unduly burdensome duplication of labor and expense for the judiciary and the parties involved if these Actions are conducted before different Judges.

## CONCLUSION

Both criteria of Civil Local Rule 3-12(a) are satisfied such that consolidation before a single judge will prevent conflicting results and conserve judicial resources and the parties'

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11 3
CASE NO. 3:25-cv-04522

resources. Accordingly, Plaintiffs respectfully request that this Court find the *Reiger* and *Whalen* Actions related and assign the *Reiger* Action to this Court where the first-filed *Whalen* Action is pending.

Dated: July 1, 2025            By:      */s/ Mark C. Mao*
                                              Mark C. Mao

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice* to be filed)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, SBN 236165
Beko Reblitz-Richardson, SBN 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (*pro hac vice* to be filed)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson, SBN 275334
Samantha Parrish, SBN 318681
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com

Michael Mitchell (*pro hac vice* to be filed)
1401 New York Ave, NW
Washington, DC 20005
Tel: 202 237 2727
mmitchell@bsfllp.com

4

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11 4
CASE NO. 3:25-cv-04522

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Plaintiffs Mary Jane Whalen, Monica Meiloaica, and Chasom Brown, individually and on behalf of all others similarly situated*

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11 5
CASE NO. 3:25-cv-04522